IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER SINGH and ANSUIYA SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK, a Washington corporation, f/k/a WASHINGTON MUTUAL BANK, FA; J.P. MORGAN CHASE BANK, a New York corporation, as successor in interest to WASHINGTON MUTUAL BANK, FA successor to WASHINGTON MUTUAL HOME LOANS; and DOES 1-100, inclusive,<br><br>Defendants.<br>_____/ | No. C-09-2771 MMC<br><br>**ORDER GRANTING DEFENDANT JPMORGAN'S MOTION TO DISMISS; VACATING HEARING; DENYING AS MOOT DEFENDANT'S MOTION TO APPEAR BY TELEPHONE** |

Before the Court is defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss plaintiffs' Third Amended Complaint ("TAC"). Plaintiffs have filed opposition,[1] to which defendant has replied.[2] Having read and considered the papers filed in support of and in

---

[1] Although plaintiffs' opposition was filed March 2, 2010 and thus was untimely, see Civ. L.R. 7-3(a) (providing "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date"), the Court, in its discretion, has considered such opposition.

[2] Defendant did not provide the Court with a chambers copy of its reply. Although the Court has exercised its discretion to consider such filing, defendant, for future reference, is reminded of the following provision in the Court's Standing Orders: "In all cases that have been assigned to the Electronic Case Filing Program, the parties are required to provide for use in chambers one paper copy of each document that is filed

1  opposition to the motion, the Court finds the matter appropriate for decision on the parties'
2  written submissions, hereby VACATES the hearing set for March 19, 2010,[3] and rules as
3  follows.
4    Plaintiffs allege seven Causes of Action in the TAC. By the instant motion defendant
5  seeks dismissal of the Seventh Cause of Action ("Accounting"). "A cause of action for an
6  accounting requires a showing [1] that a relationship exists between the plaintiff and
7  defendant that requires an accounting, and [2] that some balance is due the plaintiff that
8  can only be ascertained by an accounting." See Teselle v. McLoughlin, 173 Cal.App.4th
9  156, 179 (2009). Here, the TAC fails to allege a balance is due either plaintiff. Rather,
10 plaintiffs allege "[t]he amount of money, if any, still owed to defendants, and any of them, is
11 unknown to plaintiffs and cannot be determined without an accounting." (See TAC ¶ 81)
12 (emphasis added). Under such circumstances, plaintiffs fail to state a claim for an
13 accounting, and the relief sought by plaintiffs in their Seventh Cause of Action is more
14 appropriately pursued under plaintiffs' Third Cause of Action ("Violation of RESPA"). (See
15 TAC ¶¶ 39, 65, 66); see also 12 U.S.C. § 2605(e) (imposing duties on loan servicers to
16 respond to borrower inquiries).
17    Accordingly, defendant's motion to dismiss plaintiffs' Seventh Cause of Action is
18 hereby GRANTED and plaintiffs' Seventh Cause of Action is hereby dismissed without
19 leave to amend.
20    **IT IS SO ORDERED.**

22 Dated: March 15, 2010
                                    MAXINE M. CHESNEY
23                                  United States District Judge

---

electronically. The paper copy of each such document shall be delivered no later than noon on the day after the document is filed electronically. The paper copy shall be marked 'Chambers Copy' and shall be delivered to the Clerk's Office in an envelope clearly marked with the judge's name, case number, and 'E-Filing Chambers Copy.'"

[3] In light of such finding, defendant's Motion to Appear by Telephone at the Motion to Dismiss is hereby DENIED as moot. Additionally, for future reference, the parties are informed the Court does not conduct contested hearings by telephone.